```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


DOROTHY A. PETERS,              )
                                )
                Plaintiff,      )
                                )
vs.                             )    Case No. 07-1287-MLB
                                )
MICHAEL J. ASTRUE,              )
Commissioner of                 )
Social Security,                )
                                )
                Defendant.      )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On May 22, 2007, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 13-22).  Plaintiff alleged disability beginning March 20, 2003 (R. at 13).  Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2009 (R. at 15).  At step one, the ALJ found

that plaintiff has not engaged in substantial gainful activity since March 20, 2003, the alleged onset date (R. at 15).  At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease-lumbar spine, fibromyalgia, tendonitis right elbow, right carpal tunnel syndrome and hypothyroidism (R. at 15).  At step two, the ALJ also determined that plaintiff had the following non severe impairments: attention deficit hyperactivity disorder, depression and anxiety (R. at 15).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16).  After determining plaintiff's RFC (R. at 16), the ALJ found at step four that plaintiff was unable to perform past relevant work (R. at 20).  At step five, the ALJ found that other jobs exist in significant numbers that plaintiff can perform (R. at 21).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22).

**III. Did the ALJ err in his finding that plaintiff's mental impairments of depression and anxiety were not severe impairments?**

In his decision, the ALJ stated the following:

> The claimant alleges disability due to depression and anxiety.  There are diagnoses of anxiety and depression but no testing to confirm this.  Mental status exams show the claimant is alert, cooperative and in no noted distress (Exhibits 4F, 15F).  No functional limitations are imposed on the

>           claimant.  Thus, depression and anxiety are
>           non severe impairments.

(R. at 15).  As noted by the ALJ, Dr. Schneider had assessed plaintiff with anxiety (e.g., R. at 198, 202, 218, 230, 234, 238), and depression (e.g., 281, 424, 428, 432).  Plaintiff argues that the treating physician placing a check mark in front of the words "Alert, cooperative, no noted distress" (e.g., R. at 226, 297, 461) is not indicative of a lack of severe depression or anxiety.  Plaintiff argues that the fact that plaintiff was prescribed soma, fioricet, and klonopin[1] would indicate that plaintiff's depression and anxiety are severe depressions (Doc. 8 at 4).[2]  Plaintiff's counsel had argued at the hearing that her psychiatric condition (in addition to the symptoms and pain from her medical conditions) would prevent her from working (R. at 486).  Plaintiff contends that, in light of the above, the ALJ had a duty to further develop the record regarding plaintiff's depression and anxiety.

In the recent case of <u>Maes v. Astrue</u>, 522 F.3d 1093, 1097-1098 (10th Cir. 2008), the court had before it the question of whether the ALJ had a duty to further develop the record by

---

[1] The record confirms that Dr. Schneider prescribed these drugs (e.g., R. at 93, 142, 166, 206, 424, 425).

[2] Soma is a muscle relaxer.  Fioricet is used to treat tension headaches.  Klonopin is used to treat seizures and panic disorder (http://www.drugs.com, June 2, 2008).  Plaintiff cites to a source which indicates that soma can reduce anxiety (Doc. 8 at 4, n.3).

6

recontacting medical courses to supplement or clarify the evidence concerning claimant's alleged mental impairment. The court summarized the facts and then held as follows:

> ...we do think the ALJ had a duty to recontact medical sources to supplement or clarify the evidence concerning Ms. Maes's alleged mental impairment. Under 20 C.F.R. § 404.1512(e), the ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled. Put another way, when the ALJ considers an issue that is apparent from the record, he has a duty of inquiry and factual development with respect to that issue. See Grogan v. Barnhart, 399 F.3d 1257, 1263-64 (10th Cir.2005). Here, the ALJ noted that the record shows that Ms. Maes was prescribed medication used to treat depression prior to her date last insured, but the record does not contain evidence demonstrating that Ms. Maes was specifically diagnosed with or treated for depression or another mental condition. Based on this lack of evidence, the ALJ determined that Ms. Maes was not disabled during the relevant period.
>
> This evidence, however, is an inadequate basis for a determination-one way or the other-as to Ms. Maes's alleged disability. The medication could have been prescribed because Ms. Maes was suffering from a severe mental impairment, or it could have been prescribed for a mild condition. Thus, § 404.1512(e) requires the ALJ to seek additional available records that may clarify the extent of the alleged disability. Without that clarification, we cannot say that the ALJ's determination was supported by substantial evidence. We therefore must remand with instructions to seek additional evidence or clarification regarding Ms. Maes's alleged mental impairment.

Id. at 1097-1098.

In the case of Carter v. Chater, 73 F.3d 1019 (10th Cir. 1996), an evaluation by Dr. Baum had diagnosed the claimant with depression.  The ALJ rejected Dr. Baum's diagnosis because it was unsupported by any testing or even a clinical interview.  The court held that the existence of Dr. Baum's diagnosis required the ALJ to develop the record concerning depression.  The court specifically noted that the ALJ failed to order a consultative examination of the claimant for depression.  The court indicated that although the ALJ's only stated reason for discounting the diagnosis of depression was that there were no medical tests to support the diagnosis, the ALJ nonetheless failed to make any effort to obtain such tests.  The court therefore remanded the case for further development of the record concerning claimant's claims of depression.  73 F.3d at 1021-1022.

In this case (Peters), the defendant did not recontact the treating physician to obtain more information about plaintiff's mental impairments and limitations, the defendant did not evaluate plaintiff's mental impairment pursuant to 20 C.F.R. § 1520a, the defendant did not have a state agency residual functional capacity assessment done on the plaintiff, the defendant did not have a consultative mental health examination performed on the plaintiff, and the defendant did not have a medical expert at the hearing testify about plaintiff's mental impairments and limitations based on the medical record.  Thus,

the only information before the ALJ were the medical records from Dr. Schneider assessing plaintiff with depression and anxiety, and prescribing various medications. However, it is not clear from the records what medications, if any, may have been prescribed in order to treat plaintiff's depression and anxiety.

The ALJ stated that there were diagnoses of anxiety and depression, but also stated that there was no testing to confirm these diagnoses. Although Dr. Schneider indicated in his records on numerous occasions that plaintiff was alert, cooperative, and in no noted distress, this information provides little or no information regarding the severity of plaintiff's depression and anxiety. The record also indicates that certain drugs were prescribed, but it is not clear if any of those drugs were prescribed as a result of the diagnoses of depression and anxiety.

As in <u>Maes</u>, the court finds that the evidence before the court in this case (Peters) provides an inadequate basis for a determination, one way or the other, as to whether plaintiff's depression and anxiety were severe impairments, and whether any limitations may have resulted from those impairments. As in <u>Carter</u>, the ALJ stated that although there was a diagnosis of depression and anxiety, there was no testing to confirm it. However, the ALJ failed to order a consultative examination for anxiety or depression, and made no effort to obtain such testing.

The court therefore must remand with instructions to the ALJ to seek additional evidence or clarification regarding plaintiff's mental impairments.[3]

**IV. Did the ALJ err in his evaluation of the medical evidence and plaintiff's credibility?**

At step two, the ALJ found that plaintiff had a severe impairment of fibromyalgia (R. at 15). Later, when evaluating plaintiff's credibility (R. at 17-20), the ALJ stated that plaintiff was diagnosed with fibromyalgia, but that the diagnosis appeared to be based solely on plaintiff's complaints (R. at 20). However, the symptoms of fibromyalgia are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. Gilbert v. Astrue, 231 Fed. Appx. 778, 783 (10th Cir. Apr. 11, 2007). Fibromyalgia is diagnosed entirely on the basis of patients' reports and other symptoms. Brown v. Barnhart, 182 Fed. Appx. 771, 773 n.1 (10th Cir. May 25, 2006). The rule of thumb is that the patient must be positive on at least 11 of the 18 tender points to be diagnosed with fibromyalgia. Gilbert, 231 Fed. Appx. at 783; Brown, 182 Fed. Appx. at 773 n.1; Glenn v. Apfel, 102 F. Supp.2d 1252, 1259 (D.

---

[3] In Carter, the court noted that the ALJ failed to order a consultative examination or make any effort to obtain testing regarding the diagnosis of depression. Upon remand, the ALJ should give serious consideration to ordering a consultative mental examination, including testing. The ALJ could also have a medical expert review the medical records and testify regarding the severity of plaintiff's depression and anxiety.

Kan. 2000). For this reason, the fact that the diagnosis of fibromyalgia was based on plaintiff's subjective complaints, is not, of itself, a valid basis to discount plaintiff's credibility.

The ALJ further stated that although plaintiff was diagnosed with fibromyalgia, "there is no documentation of positive tender points or control points. As a result, Dr. Schneider's opinion is given little weight" (R. at 20). However, this finding appears inconsistent with the ALJ's earlier finding that fibromyalgia was a severe impairment. For fibromyalgia to be diagnosed, let alone found to be a severe impairment, plaintiff would have to be positive on at least 11 of 18 tender points. Furthermore, the ALJ had previously noted (R. at 18) that a consultative examination of the plaintiff by Dr. Lewis had found "three positive paired trigger points for fibromyalgia with one positive control" (R. at 301).[4] Therefore, on remand, the ALJ shall reevaluate his step two findings, his credibility findings, and his evaluation of the opinions of Dr. Schneider in regards to the diagnosis of fibromyalgia.

Plaintiff also takes issue with the ALJ's use of the information contained in the functional capacity evaluation when analyzing plaintiff's credibility (Doc. 8 at 12-14). However,

---

[4]Plaintiff argues that three positive paired trigger points represents six points (Doc. 8 at 5).

the court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1177 (10th Cir. 2005). Because this case is being remanded for other reasons, upon remand, plaintiff can present the information in that evaluation to the ALJ which she believes is favorable to her credibility.

Plaintiff also argues that the ALJ improperly relied on the opinions of Drs. Melhorn and Murati to discount the opinions of Dr. Schneider because Drs. Melhorn and Murati only treated plaintiff for work injury to her elbow, and did not treat any of her other impairments, including anxiety, depression and fibromyalgia (Doc. 8 at 9-10). The ALJ discounted the opinions of Dr. Schneider because both Drs. Melhorn and Murati had opined that plaintiff could work with certain restrictions (R. at 20, 318, 320, 360). However, it does appear from their records that they treated or evaluated plaintiff primarily for problems with her right elbow (R. at 320, 359-361). The ALJ had previously indicated that plaintiff saw Dr. Melhorn for problems with her right elbow, and that Dr. Murati performed an evaluation which diagnosed problems with her right elbow (R. at 19), but when the ALJ stated that he was relying on the opinions of Drs. Melhorn and Murati that plaintiff could work with restrictions to discount the opinions of Dr. Schneider, the ALJ did not mention the limited nature of the treatment or evaluation by Drs. Melhorn

and Murati (R. at 20).  Thus, it is not clear to what extent the ALJ considered the limited nature of the treatment and evaluation provided by Drs. Melhorn and Murati when he utilized their opinions to discount the opinions of Dr. Schneider, who had diagnosed and treated plaintiff for anxiety, depression, and fibromyalgia.  Therefore, on remand, the ALJ should examine the nature and scope of the treatment or evaluation performed by Drs. Melhorn, Murati and Schneider, and determine what weight should be accorded their opinions in light of the nature and scope of their treatment or evaluation of the plaintiff.

**V.  Did the ALJ err in making his RFC findings?**

According to SSR 96-8p the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative

discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence. See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003). The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence. Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003). It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995). When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination. Such bare conclusions are beyond meaningful judicial review. Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made RFC findings limiting plaintiff to sedentary work, limiting her to lifting 10 pounds occasionally and less than 10 pounds frequently. He found that plaintiff could stand and/or walk for 2 hours and sit for 6 hours in an 8 hour workday,

with the need to alternate sitting and standing every 1 ½ hours. Finally, the ALJ indicated that plaintiff could not engage in overhead reaching with the right upper extremity (R. at 16). Although the ALJ summarized the medical and other evidence (R. at 17-20), the ALJ did not include a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, as required by SSR 96-8p. Therefore, on remand, the ALJ shall comply with SSR 96-8p. <u>Munday v. Astrue</u>, 535 F. Supp.2d 1189, 1196-1197 (D. Kan. 2007).

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on June 5, 2008.

                                               s/John Thomas Reid
                                               JOHN THOMAS REID
                                               United States Magistrate Judge